**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **EDDIE U. TAYLOR,** ) | **CASE NO. 1:06CR470** |
| ) | |
| Petitioner, ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

This matter is before the Court upon Petitioner Eddie Taylor's ("Taylor") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 ("Petition"). (Dkt. # 30).

**I. FACTUAL BACKGROUND**

On September 27, 2006, the United States Attorney for the Northern District of Ohio filed an Information against Taylor charging six counts of bank robbery, in violation of 18 U.S.C. § 2113(a). (Dkt. # 1). The Information set forth that at the time Taylor victimized them, each bank was insured by the Federal Deposit Insurance Corporation ("FDIC"). (Dkt# 1 at 2-3). On October 3, 2006, before Magistrate Judge David S. Perelman, Taylor waived indictment and entered a plea of guilty to counts 1, and 3-5 of the Information. (Dkt. # 4).  On October 25, 2006, this Court adopted the Report and Recommendation of the Magistrate Judge and accepted and entered Taylor's

1

guilty plea. (Dkt. # 11). On October 25, 2006, this Court accepted and signed the Plea Agreement between Taylor and the Government ("Plea Agreement"). (Dkt. # 12).

The Plea Agreement set forth a complete factual basis for Taylor's guilty pleas. (Dkt. # 12 at 7-9). The last paragraph of the factual basis section of the Plea Agreement states:

> The defendant lastly acknowledges that at the time of the robberies, the deposits of the Charter One Bank and the Key Bank were insured by the Federal Deposit Insurance Corp.

(Dkt # 12. at 9).

Additionally, the final portion of the Plea Agreement is signed by Taylor and includes a paragraph that states:

> The defendant acknowledges that he has read this Plea Agreement, that he has had an opportunity to discuss it with his attorney, that he fully understands the Agreement, and that he is satisfied with the representation of his attorney. The defendant further acknowledges that he is pleading guilty to the charges set forth in Counts 1, 3, 4 and 5 of the Indictment (sic) because he is in fact guilty of those crimes. The defendant further acknowledges that this is the entire Plea Agreement between him and the United States of America, and that the Agreement has been entered into by the defendant knowingly, freely and voluntarily and without threats from anyone, after due consultation with his undersigned attorney.

(Dkt. # 12 at 9-10).

On October 3, 2006, during the plea colloquy before the Magistrate Judge, Taylor confirmed he had reviewed, accepted, and admitted the facts set forth in the "Factual Basis" section of the Plea Agreement. (Dkt. # 21 at 12). At the same hearing, the Government confirmed that it was prepared to prove the facts outlined in the Plea Agreement. (Dkt. # 21 at 12).

On January 10, 2007, this Court sentenced Taylor to a term of imprisonment of 188 months.  (Dkt. # 16).  On January 23, 2007, Taylor filed a notice of appeal (Dkt. # 19) and on July 25, 2008, the Sixth Circuit affirmed Taylor's conviction (Dkt. # 24, 25).

On June 12, 2009, Taylor filed the instant Petition[1].  (Dkt. # 26, 30).  On October 30, 2009, the Government filed a Response in Opposition.  (Dkt. # 32).

## II. STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).  Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief."  Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III. LAW AND ARGUMENT

Taylor provides two reasons why he believes he is entitled to habeas corpus relief.  First, Taylor contends that this Court lacked jurisdiction to accept his guilty plea because the Government failed to offer sufficient proof to establish that the banks he robbed were

---

[1] Taylor initially titled his motion "Rule 60(B)(4) Motion."  On August 25, 2009, the Court ordered Taylor to advise the Court whether he would withdraw his motion, amend his motion, or consent to the Court's recharacterization of the motion as a § 2255 petition for habeas corpus relief.  (Dkt. # 27).  On September 28, 2009, Taylor consented to the Court recharacterizing the motion as a petition for habeas corpus relief.  (Dkt. # 28).

3

federally insured. Second, Taylor contends that his counsel was ineffective because he failed to properly investigate whether the victim banks were federally insured at the time Taylor committed the robberies.

**A. Jurisdiction**

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was *without jurisdiction to impose such sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(Emphasis added).

Taylor asserts that his petition should be granted because: "this Honorable Court never had subject-matter-jurisdiction to accept a guilty plea on this 18 U.S.C. §2113 (A) (sic) bank robbery charge of robbing a federally insured bank." (Dkt. # 30 at 8).

18 U.S.C. § 2113(a) provides:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association…

18 U.S.C. § 2113(f) defines "bank" as "... any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." Thus, Taylor argues that this Court did not have jurisdiction to hear the instant case because the Government did not prove the jurisdictional element of 18 U.S.C. § 2113.

4

Taylor's argument fails because Taylor admitted in his plea agreement that the banks he robbed were insured by the FDIC. A guilty plea is an admission of all of the elements of an offense charged. McCarthy v. United States, 394 U.S. 459, 466 (1969). Moreover, "[a] voluntary and intelligent guilty plea usually forecloses later attempts to challenge the resulting judgment; the plea serves not only to admit the conduct charged in the indictment[,] but also to concede guilt of the substantive crime." In re Hanserd, 123 F.3d 922, 926 (6th Cir. 1997) (citing United States v. Broce, 488 U.S. 563, 570 (1989)). See also United States v. Martin, 526 F.3d 926, 934 (6th Cir. 2008) ("To successfully challenge the district court's jurisdiction, a defendant who enters a guilty plea must establish that the face of the indictment failed to charge the elements of a federal offense.").

Taylor did not object to the Magistrate Judge's recommendation that this Court accept Taylor's plea. Nor does Taylor otherwise dispute that his plea was made voluntarily and intelligently. In the Plea Agreement, Taylor acknowledged that "at the time of the robberies, the deposits of the Charter One Bank and the Key Bank were insured by the Federal Deposit Insurance Corp." (Dkt # 12. at 9). Therefore, the Plea Agreement and plea proceedings obviated the Government's obligation to independently prove this fact. See Williamson v. United States, 2000 U.S. App. LEXIS 2441, at *6 (6th Cir. Feb. 15, 2000) (holding that plea proceedings obviated the Government's need to prove the "jurisdictional prong" of a carjacking statute).

**B. Ineffective Assistance of Counsel**

5

Taylor next contends that his trial counsel was ineffective for failing to research and confirm that the victim banks were federally insured. Taylor argues that it is theoretically possible that the insurance of these banks might have been revoked, cancelled, forfeited, voluntarily terminated, or otherwise lost.

The Supreme Court has provided a two-part test to evaluate ineffective assistance of counsel claims. To make a successful claim, a criminal defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-94 (1984).

A "reasonable probability" is one sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The Court determines prejudice with attention to whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). "Unreliability does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id. at 372.

Furthermore, a court's review of counsel's performance "must be highly deferential." Id. at 689. The Supreme Court has held that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of

6

reasonable professional assistance." Darden v. Wainwright, 477 U.S. 168, 185-86 (1995) (citations omitted).

Taylor has failed to show that counsel's representation fell below an objective standard of reasonableness. Because the Government represented that it could prove at trial that the victim banks were federally insured, it would be unreasonable to require Taylor's counsel to conduct further investigation.

Furthermore, while Taylor offers theoretical scenarios, he does not offer any evidence whatsoever that the banks he victimized were in fact not federally insured at the time he committed his crimes. Therefore, Taylor cannot show a reasonable probability that the outcome of his case would have been different had counsel conducted additional investigation. Bybee v. United States, 66 Fed. Appx. 557, 560 (6th Cir. 2003) (holding that a petitioner did not show prejudice because he had not shown the victim bank was not insured by the FDIC at the time of the robbery.). As Taylor has shown neither deficient performance nor prejudice, his claim for ineffective assistance of counsel is without merit.

## IV. CONCLUSION

For the foregoing reasons, Taylor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED**. (Dkt. # 30).

In addition, Petitioner is not entitled to a hearing in this case as the record conclusively shows that Petitioner is entitled to no relief. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – January 19, 2010**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**